DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **CITIMORTGAGE, INC.,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 2014-0073 |
| **JUDY J. BAUMGARTEN,** | ) |
| **Defendant.** | ) |

**Attorneys:**
**Ryan C. Meade, Esq.,**
Miami, FL
    *For Plaintiff*

**Donovan M. Hamm, Jr., Esq.,**
**Robert A. Waldman, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Summary Judgment" filed by Plaintiff Citimortgage, Inc. ("Citimortgage") against Defendant Judy J. Baumgarten ("Baumgarten"). (Dkt. No. 26). For the reasons discussed below, the Court will grant Citimortgage's Motion.

### I.    BACKGROUND AND PROCEDURAL HISTORY

On October 1, 2014, Citimortgage filed a Complaint against Baumgarten and Joe C. Pitts, alleging causes of action for debt and foreclosure of real property mortgage. (Dkt. No. 1). The Complaint alleges that, on July 12, 2005, Baumgarten and Pitts executed and delivered a promissory note (the "Note") in which they jointly and severally promised to repay Flagstar Bank,

FSB the principal sum of $475,000.00, together with interest at a rate of 5.875% per annum, payable in consecutive monthly installments of $2,809.80. *Id.* ¶ 4. To secure payment of the indebtedness under the Note, also on July 12, 2005, Baumgarten and Pitts executed a first priority mortgage (the "Mortgage") over the properties (the "Property"), described as:

> Plot No. 11 (1.2463 U.S. acres) and Plot No. 11-A (0.1454 U.S. acre) both of Estate All For The Better, East End Quarter "A", St. Croix, USVI as more fully shown on OLG Drawing No. 1314, dated November 9, 1962, revised May 14, 1984. (Note: Both plots are joined in perpetuity).
>
> and
>
> Plot No. 69 (0.144 U.S. acre) of Estate Southgate East End Quarter "A", St. Croix, U.S. Virgin Islands, as more fully shown on OLG Drawing No. 2512-A, dated March 24, 1970, revised May 11, 1984.

*Id.* ¶ 6.

The Complaint further alleges that Flagstar executed an Assignment of Mortgage (the "Assignment") dated July 20, 2012 to Citimortgage. *Id.* ¶ 7. Despite demand, Baumgarten and Pitts failed to comply with the terms and conditions of the Note, Mortgage, and Assignment (together, the "Loan Documents"), and defaulted under those instruments for failing to pay principal and interest when due, among other things. *Id.* ¶ 8. Consequently, Citimortgage elected to declare the entire unpaid principal sum with all accrued interest and late charges due and payable, amounting to $590,052.90 as of September 15, 2014. *Id.* ¶ 9.

The Complaint alleges that, according to the provisions of the loan documents, Citimortgage may be required to pay real property taxes, insurance premiums or other similar charges with respect to the Property, which become part of the principal amount of the indebtedness to which it is entitled to be reimbursed, as well as costs and fees including reasonable attorney's fees. *Id.* ¶ 10.

Citimortgage requests judgment: declaring that Baumgarten and Pitts defaulted on their obligations under the Loan Documents; declaring the outstanding debt jointly and severally due and awarding Citimortgage all unpaid amounts due, plus interest that accrues until sale of the Property; foreclosure of its priority Mortgage and any junior liens; granting it or the purchaser possession of the Property at the foreclosure sale; awarding costs and fees associated with protecting its rights in the Property; and allowing it to recover any deficiency from Barmgarten and Pitts. *Id.* at 3-4.

Baumgarten was personally served with the Summons and Complaint on October 7, 2014. (Dkt. No. 5). With regard to service on Pitts, the process server filed an Affidavit in which he stated: "According to Judy J. Baumgarten, wife of Joe C. Pitts, Joe C. Pitts had been deceased since 2007, and in the past she has provided documentation to such." (Dkt. No. 4). Baumgarten filed an Answer on November 5, 2014. (Dkt. No. 6). On December 4, 2014, Citimortgage submitted a Stipulation of Voluntary Dismissal with prejudice as to Defendant Joe C. Pitts, deceased. (Dkt. No. 9).

On June 30, 2015, Citimortgage filed its Motion for Summary Judgment (Dkt. No. 26), along with a Memorandum of Law (Dkt. No. 27), Statement of Undisputed Facts (Dkt. No. 28), and Supplemental Affidavit. (Dkt. No. 29). In its Memorandum of Law, Citimortgage argues that the record establishes that Baumgarten and her deceased husband executed the Note and Mortgage; the Mortgage covers the Property that is the subject of the litigation; Baumgarten (and her husband) failed to comply with the terms and conditions of the Loan Documents, and are in default for failing to pay principal and interest when due. Citimortgage further argues that, as the assigned holder of both the Note and Mortgage, it is entitled to a judgment for debt and foreclosure against the Property. (Dkt. No. 27 at 3). Citimortgage also asserts that while Baumgarten may dispute the

3

amounts due, she has not provided a separate accounting of those figures and therefore there was no genuine issue of material fact as to the amount owed. *Id.*

In the Statement of Undisputed Facts, Citimortgage states that, as of July 26, 2015, $631,929.08 is due and owing on the loan documents, comprised of: $436,708.64 in principal; $112,935.90 in interest; $140.49 in late charges; $682.50 in delinquent expenses; $63,546.30 in advance escrow balance; and $12,995.00 in pending escrow distribution. (Dkt. No. 28, ¶ 10). Interest continues to accrue at a rate of $70.2921 per diem. *Id.* Citimortgage also states that legal fees as of June 30, 2015 are $14,063.00 with $738.77 in costs. *Id.* In support of its request for the amounts due and owing, Citimortgage provided an Affidavit of Ali Felts, Citimortgage's Vice President of Document Control, who averred that he reviewed and was personally familiar with Citimortgage's records concerning the Mortgage and Note in this case; Citimortgage, through the July 20, 2012 assignment, is the present holder in due course of the Mortgage and Note; Defendants were in default for failure to comply with the terms and conditions of the Loan Documents; and that $631,929.08 was due as of July 26, 2015, as set forth in the Statement of Undisputed Facts, above. (Dkt. No. 29-1, ¶¶ 5-8). He provided no supporting documentation concerning these amounts due.

On October 20, 2015, Baumgarten, through her attorney, filed a "Notice of No Response to Motion for Summary Judgment," which informed the Court that Baumgarten "will not be filing a Response to the Plaintiff's Motion for Summary Judgment. Undersigned counsel represents to the Court that the Defendant has been fully informed regarding the consequences of this decision." (Dkt. No. 31).

On April 26, 2016, the Court issued an Order directing Citimortgage to provide a supplemental Affidavit which would explain, with specificity, how certain damages that Plaintiff

contended were due and owing were calculated. (Dkt. No. 39). The Court required Citimortgage to provide: (1) the date of default; (2) an explanation of how the principal, interest, and late charges were calculated; (3) an explanation of what sums comprised the $682.50 in "delinquent expenses," the $63,546.30 in "advance escrow balance," and the $12,995.00 in "pending escrow distribution" referred to in the Statement of Undisputed Facts, and to bring all sums current as of the date of filing. Id. The Court also required those sums to be supported by documentation, and directed Citimortgage to provide a copy of the deed showing Baumgarten's ownership of the Property. Id.

Citimortgage filed copies of the Warranty Deeds for the Property by the deadline provided in the Court's Order, and requested an extension of time to provide the additional information requested (Dkt. No. 40), which the Court granted. (Dkt. No. 41). In its motion for an extension, Citimortgage stated that co-owner of the Property, Joe Pitts, was initially named in the Complaint but was dismissed once Plaintiff learned he was deceased; Pitts and Baumgarten took title to the Property as joint tenants with right of survivorship and consequently, Baumgarten became sole owner of the Property upon Pitts' death. (Dkt. Nos. 40, 40-1, 40-2).

On June 21, 2016, Citimortgage filed the supplemental Affidavit of Indebtedness with supporting documentation. (Dkt. No. 45-1). The Affidavit of Indebtedness was signed by Kurt Bowling, a Foreclosure Specialist with Seterus, Inc., attorney-in-fact for Citimortgage. *Id.* In his Affidavit, Mr. Bowling explains that he is familiar with the type of records maintained by Seterus in connection with the loan; the information provided in his affidavit is taken from Seterus' business records; and he has personal knowledge of how Seterus creates those records. *Id.*, ¶¶ 1-3. He avers that Citimortgage owns and holds the Note and Mortgage and is entitled to enforce those instruments. *Id.* ¶ 6. The Affidavit sets forth the amounts due and owing Citimortgage through May 27, 2016: $436,708.64 in unpaid principal balance; interest from March 1, 2011

5

through May 27, 2016 of $134,386.70; insurance and tax payments of $78,157.27, and recoverable balance of $992.50 consisting of buyers price opinion costs, title costs, and property inspections; for a total indebtedness of $650,245.11. *Id.* ¶ 8. Mr. Bowling asserts that interest accrues at the per diem rate of $70.29. *Id.* Citimortgage provided extensive documentation supporting its damages claims. *Id.* Mr. Bowling also states that Seterus has retained the law firm of Quintairo, Prieto, Wood & Boyer, P.A. to prosecute the foreclosure action, and that the request for attorney's fees and costs in this matter was not being requested through the Affidavit of Indebtedness but the firm would submit its own affidavit or documentation at another time. *Id.* ¶ 9.

## II. DISCUSSION

### A. Summary Judgment Standard

"Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Klein v. Weidner,* 729 F.3d 280, 283 (3d Cir. 2013) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(a). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Hart v. Electronic Arts, Inc.,* 717 F.3d 141, 148 (3d Cir. 2013) (internal quotation marks omitted). The non-moving party '"must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or [ ] vague statements.'" *Patterson v. Glory Foods, Inc.*, 555 F. App'x 207, 211 (3d Cir. 2014) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)).

To demonstrate that there is a genuinely disputed issue of fact, a party must cite to "particular parts of materials in the record, including depositions, documents, electronically stored

information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c). A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing the evidence, the court may not weigh the evidence and must give the nonmoving party the benefit of all reasonable inferences. *Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citations omitted).

Notwithstanding that Baumgarten elected not to respond to Citimortgage's Motion for Summary Judgment, the Court may not simply grant Citimortgage's Motion because "[t]he failure to respond to a motion for summary judgment does not automatically entitle the moving party to the relief sought." *Bates v. Laskiewicz*, 2012 WL 32936, at *2 (D.N.J. Jan. 6, 2012) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)). The moving party must show entitlement to such relief. *See* Fed. R. Civ. P. 56(e)(3) (providing that if a party fails to properly address an opposing party's factual assertions, the court may grant summary judgment "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]").

To succeed on a debt and foreclosure claim under Virgin Islands law, the plaintiff must show: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Thompson v. Florida Wood Treaters, Inc.,* 2009 WL 4730784, at *3 (D.V.I. Dec. 6, 2009) (citing *National Union Fire Ins. Co. v. Saunders*, 899 F. Supp. 452, 455 (C.D. Cal. 1993)); *see also* Am. Jur. 2d Mortgages § 633 (2008) (foreclosure requires valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

7

"'Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment.'" *LPP Mortgage, Ltd. v. Ferris*, 2014 WL 2459802, at *4 (D.V.I. June 2, 2014) (quoting *Pemberton Sales & Serv., Inc. v. Banco Popular de Puerto Rico*, 877 F. Supp. 961, 971 (D.V.I. 1994)).

**B. Analysis**

Citimortgage has submitted a copy of the Note, dated July 12, 2005, executed by Baumgarten and Pitts, in which they promised to pay Citimortgage the principal sum of $475,000.00 together with interest at a rate of 5.875% per year. (Dkt. No. 45-1 at 5). Citimortgage also submitted a copy of the Mortgage, dated July 12, 2005, executed by Baumgarten and Pitts to secure payment on the Note (Dkt. No. 45-1 at 8), as well as the Assignment of Mortgage to Citimortgage. (Dkt. No. 45-1 at 23). Based on the foregoing, Citimortgage has shown that Baumgarten (and Pitts) executed the Note and Mortgage. Accordingly, there is no genuine dispute of material fact as to whether Baumgarten (and Pitts) executed these documents, and Citimortgage has satisfied the first requirement to succeed on a debt and foreclosure claim in the Virgin Islands.

Citimortgage has also provided evidence that Baumgarten is in default on the Note and Mortgage for failing to make payments due under those documents, and that it may foreclose on the Property. Citimortgage sent a letter dated August 15, 2011 to Baumgarten and Pitts in which it indicated they were in default, and must pay the past due amount indicated or all amounts due could be accelerated and the Property sold. (Dkt. No. 45-1 at 26).

The Note provides that "[i]f I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest

that I owe on that amount." (Dkt. No. 45-1 at 5). The Mortgage provides that, if the Borrower defaulted, "failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and foreclosure and sale of the Property." (Dkt. No. 45-1 at 15). Citimortgage has also shown that it owns and holds the Note and Mortgage and is entitled to enforce those instruments. (Dkt. No. 45-1 at 2). Citimortgage has thus satisfied the second and third requirements for a debt and foreclosure claim.

As set forth above, Citimortgage has also provided the requisite support for its damages calculation that Baumgarten owed $650,245.11 as of May 27, 2016, consisting of: $436,708.64 in unpaid principal balance; interest from March 1, 2011 through May 27, 2016 of $134,386.70; insurance and tax payments of $78,157.27, and recoverable balance of $992.50 consisting of buyers price opinion costs, title costs, and property inspections. (Dkt. No. 45-1, ¶ 8 and supporting documentation). Per diem interest of $70.29 accrues from May 28, 2016 up to and including the date this Judgment is issued, and interest at the federal statutory rate accrues thereafter until the Judgment is satisfied.

The Court finds that this evidence is sufficient to shift the burden to Baumgarten to "set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in [its] favor" regarding the debt and foreclosure causes of action. *Hart,* 717 F.3d at 148. Baumgarten has elected not to respond, thereby not opposing any of the material facts contained in Citimortgage's Motion for Summary Judgment.

In view of the foregoing, the Court finds that there is no genuine issue of material fact regarding Baumgarten's liability on Citimortgage's debt and foreclosure causes of action. Because Citimortgage has satisfied the requirements for debt and foreclosure under Virgin Islands law, *see Thompson,* 2009 WL 4730784, at *3, summary judgment is appropriate.

## III. CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff Citimortgage's Motion for Summary Judgment against Defendant Judy J. Baumgarten. (Dkt. No. 26).

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: October 20, 2016                      _____/s/_____
                                                           WILMA A. LEWIS
                                                           Chief Judge