DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **CITIMORTGAGE, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 2014-0073 |
| ) | |
| **JUDY J. BAUMGARTEN and** ) | |
| **JOE C. PITTS,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**Attorneys:**
**Ryan C. Meade, Esq.,**
Miami, FL
**Matthew Reinhardt, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

**Robert A. Waldman, Esq.,**
St. Croix, U.S.V.I.
    *For Judy J. Baumgarten*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Application for Attorney's Fees and Costs" (Dkt. No. 48) ("Application") filed by CitiMortgage, Inc. ("Plaintiff"). For the reasons set forth below, the Application will be granted in part and denied in part.

### I.  BACKGROUND

Plaintiff was granted summary judgment against Defendant Judy J. Baumgarten ("Defendant") in this debt and foreclosure action. (Dkt. No. 46).[1] In its Order, the Court granted judgment in favor of Plaintiff in excess of $650,000.00 for an unpaid promissory note. *Id.* at 2.

---

[1] Joe C. Pitts, also named as a Defendant in the original Complaint, was dismissed from the action based on a Stipulation of the parties. (Dkt. No. 9).

The Court also (1) declared that, based on a mortgage executed by Defendant, Plaintiff held a first-priority lien against two separate plots of real property on St. Croix; (2) foreclosed the mortgage and all subsidiary liens; and (3) directed that the property be sold at a Marshal's sale, with the proceeds to be applied to the outstanding indebtedness. *Id.* at 2-5. Further, the Court permitted Plaintiff to apply for an award of attorneys' fees, costs, and expenses arising from the action at any time prior to entry of an Order confirming the sale of the Property. *Id.* at 2.

Plaintiff subsequently filed the instant Application for attorneys' fees and costs. In that Application, Plaintiff seeks an award of $360.00 in attorneys' fees and $225.00 in costs associated with pursuing this debt and foreclosure action. The amounts claimed are described in an exhibit attached to the Application. (Dkt. Nos. 48-1).[2] Plaintiff also seeks an additional $500.00 award for future costs consisting of a $75.00 writ fee for attaching the real property and $425.00 for the cost of publishing notice of the Marshal's sale in a local newspaper. *Id.* at 2.

## II.   APPLICABLE LEGAL PRINICIPLES

The Virgin Islands statute governing attorneys' fees states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b). The Supreme Court of the Virgin Islands, however, has held that "although a fee arrangement for legal services is a matter of contract between the client and the attorney, courts will enforce only reasonable attorneys' fees, even if the contract itself is otherwise enforceable." *Rainey v. Hermon*, 55 V.I. 875, 880-81 (V.I. 2011); *see also Abramovitz v. Lynch*, 2007 WL 1959164, at *1 (D.V.I. June 26, 2007) (courts should not enforce contractual provisions

---

[2] Plaintiff was initially represented by a different law firm at the time the Complaint was filed. (Dkt. No. 1). Plaintiff's current counsel entered an appearance after Plaintiff's Motion for Summary Judgment was filed. (Dkt. Nos. 26, 44). The request for attorneys' fees and costs is limited to the work performed by current counsel.

that allow unreasonable attorneys' fees); *Yearwood Enterprises, Inc. v. Antilles Gas Corp.*, 2017 WL 6316625, at *3 n.21 (V.I. Super. Dec. 5, 2017) ("[T]he Court must consider whether the attorney's fees and costs are reasonable"). In addition, the Virgin Islands Rules of Professional Conduct forbid any attorney from making any agreement for or charging "unreasonable fee[s]" or expenses. V.I. Sup. Rule 211.1.5(a).

"To determine a fair and reasonable award of attorneys' fees [under 5 V.I.C. § 541(b)], the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *United States v. Woods*, 2016 WL 6471448, at *9 (D.V.I. Oct. 31, 2016) (quoting *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases)). Generally, when evaluating the reasonableness of a claim for attorneys' fees, the Court undertakes a two-step analysis. First, the Court determines whether the hourly rate sought is reasonable in comparison to prevailing market rates in the relevant community "'for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Williams v. Ranger American of V.I., Inc.*, 2017 WL 2543293, at *1 (D.V.I. June 12, 2017); *see also Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001) (evaluating attorneys' fees claim based on experience and skill of prevailing party's attorneys as compared to local attorneys with comparable skill, experience, and reputation). The second step requires the Court to decide whether the total hours billed were "'reasonably expended,' excluding time billed that is 'excessive, redundant, or otherwise unnecessary.'" *Phillips v. FirstBank Puerto Rico*, 2018 WL 1789546, at *3 (D.V.I. April 12, 2018) (quoting *Flagstar Bank, FSB v. Stidiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013)).

Similarly, in order to recover "expenses"—as permitted under the contract—the expenses must be reasonable. *See Rainey*, 55 V.I. at 880-81. Under Virgin Islands law, reasonable expenses

related to title searches, filing and recording fees, and process server fees may be recovered in a foreclosure action. *Matrix Financial Services Corp. v. Laurent*, 2016 WL 2757698, at *6. However, "overhead costs," such as postage and messenger fees, are not compensable. *See Creative Minds, LLC*, 2014 WL 4908588, at *1 (refusing reimbursement of postage and photocopying).

### III.   DISCUSSION

**A.   Attorneys' Fees**

Both the Promissory Note and the Mortgage enforced in this case provided for the Plaintiff's right to recover expenses, costs and attorneys' fees if Plaintiff was required to enforce the terms of the Note (Dkt. Nos. 28-2 at ¶ 6(E); 28-3 at ¶ 14). Based upon these provisions, Plaintiff seeks $360.00 in attorneys' fees based upon a flat-rate agreement it has with its current attorneys. (Dkt. No. 48-1).

Turning first to the hourly rate charged, Virgin Islands courts "'have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'" *Williams*, 2017 WL 2543293, at *2; *see also Bank of Nova Scotia v. Davis*, 2019 WL 7593154, at *2 (D.V.I. Sept. 13, 2019) (acknowledging attorneys' rates generally spans from $125 to $300 per hour); *Bank of Nova Scotia v. Robinson*, 2018 WL 1513269, at *5 (D.V.I. March 13, 2018) (awarding attorneys' fees at a $300 hourly rate in foreclosure proceeding).

Plaintiff acknowledges that it pays its attorneys a flat fee for these types of cases and it appears that proportionate payments are billed at specific stages. (Dkt. No. 49-1 at 1). At these stages, whatever lump sum payment is made is recorded as attributed to one hour of legal work,

which clearly results in an hourly rate that is neither accurate nor reasonable. *Id.*[3] The Court notes that the one hour counsel claims to have expended on this case would equate to an hourly rate of $360.00 for a routine mortgage foreclosure case which was largely uncontested. Such a rate would be excessive. The Court recognizes, however, that present counsel filed an updated Affidavit of Indebtedness as required by the Court (Dkt. Nos, 41, 45). Counsel also received the Judgment and prepared the Motion for Attorneys' Fees and Costs. (Dkt. No. 48). The extent of this work supports the $360.00 in attorneys' fees requested. In view of the foregoing, the Court will enter an award of attorneys' fees in the amount of $360.00.

### B.  Legal Expenses

With regard to expenses incurred by Plaintiff's counsel, under the terms of the Note, Baumgarten agreed to pay "all of [the Note Holder's] costs and *expenses* in enforcing this Note." (Dkt. No. 28-2 at ¶ 6(E)) (emphasis added). Section 541(a) defines "costs" as costs that are "allowed in a civil action." The term "expenses" is not defined by statute, and the Note states only that "expenses include, for example, reasonable attorneys' fees." *Id.*

The Supreme Court of the Virgin Islands has opined that "costs" and "expenses" do not cover the same outlays of funds. In *Terrell v. Coral World*, 55 V.I. 580 (V.I. 2011), the court noted

---

[3] Regardless of the nature of the agreement between Plaintiff and its attorneys, it has been long-recognized that where a prevailing party seeks to recover its attorneys' fees, that party's attorneys are required to keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed. *Hensley v. Eckerhart*, 461 U.S. 424, 441 (1983) (Burger, C.J., concurring); *see Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (party seeking attorneys' fees has the burden to present evidence establishing that the hours worked, and rates claimed, are reasonable); *NXIVM Corp. v. Sutton*, 2019 WL 4010859, at *14 (D.N.J. Aug. 26, 2019) (attorney's records must be "sufficiently detailed to permit a conclusion about the reasonableness of the hours claimed"); *Bank of Nova Scotia v. Brown*, 2018 WL 3811548, at *3 (D.V.I. Aug. 10, 2018) (finding that a similar application for attorneys' fees from the same law firm based on a flat rate was inadequate to allow for an award of attorneys' fees).

that Title 5, Sections 541 through 547, "govern the award of costs to a prevailing party in civil litigation." *Id*. at 584. The *Terrell* court observed that "'costs are not synonymous with expenses unless expressly made so by statute.'" *Id*. at 591 n.14 (citation omitted). With regard to "expenses"—those case-related expenditures that do not qualify as "costs" under applicable statutes—such payments may be reimbursed if allowed by the parties' contract, because courts generally enforce the terms of contracts. *See Audubon Engineering Co. LLC v. Int'l Procurement & Contracting Group LLC*, 647 F. App'x 95, 100 n.4 (3d Cir. 2016) (Plaintiff was entitled to attorneys' fees pursuant to contract); *Rainey v. Hermon*, 55 V.I. at 886 (court permitted party to recover legal fees and administrative costs allowed by its contract, "unless the fee is unreasonable.")

Plaintiff is seeking reimbursement of $225.00 for a non-statutory expense, *i.e.*, a title search. (Dkt. No. 48-1). This expense generally is considered reasonably incurred in a foreclosure action. Because the claimed expense is compensable and reasonable, it will be allowed in the amount of $225.00.

**C.      Future Costs**

In its Application, Plaintiff anticipates that $500.00 in additional costs would be expended to complete the foreclosure proceedings. (Dkt. No. 48-1). However, the Court does not grant awards for costs not yet incurred. Plaintiff may seek an additional award of costs to be determined upon appropriate application filed with the Court prior to the entry of an Order confirming the sale of the Property. (Dkt. No. 46 at 2).

An appropriate Order accompanies this Memorandum Opinion.

Date: August 7, 2020                                         _____/s/_____
                                                             WILMA A. LEWIS
                                                             Chief Judge

6